IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEWIS VERNORD BLAKELY,

    Petitioner,

  v.

ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,

    Respondent.
_____/

No. C 07-00884 CW

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On June 18, 2007, Petitioner Lewis Vernord Blakely, a state prisoner incarcerated at Solano State Prison, filed a petition for a writ of habeas corpus claiming that the trial court erred in failing to strike one or both of his prior convictions, that his enhanced sentence of twenty-five years to life violates his Eighth Amendment right to be free from cruel and unusual punishment, and that his trial and appellate counsel provided ineffective assistance.  On March 14, 2008, Respondent filed an answer and on April 28, 2008, Petitioner filed a traverse.  Having considered all of the papers filed by the parties, the Court DENIES the petition.[1]

---

[1] On January 9, 2009 and January 12, 2009, Petitioner filed the same document, entitled, "Motions for Discovery," in which he attempts to add claims to his petition (Docket ## 33 and 34). Construed as a motion to file an amended petition, the motion is
(continued...)

BACKGROUND

The following facts are taken from the January 3, 2006 state appellate court's opinion on direct appeal.  Resp's Ex. 2.

> An information charged appellant Lewis V. Blakely with (1) possession for sale of cocaine base; (2) felon in possession of a firearm; and (3) possession of cocaine base while armed with a loaded firearm.  The information further alleged as to all three counts that Blakely was acting for the benefit of a criminal street gang . . . and as to count 1, Blakely was personally armed . . . Finally, as to each count, the information alleged Blakely suffered two prior strike convictions . . . as well as one prior conviction for which he had served a prison commitment . . .
>
> On the day trial was set to begin, the court granted the prosecutor's motion to dismiss counts 1 and 3, and the gang enhancements.  Blakely waived his right to a jury trial as to count 2, and stipulated to the possession of the firearm and existence of the strike priors.  Upon reviewing the stipulations, the court found Blakely guilty of count 2 and the allegations regarding the strike priors and prior prison commitment true.  At sentencing, the court denied Blakley's motion to dismiss one of the prior strike convictions and sentenced him to prison for a term of 25 years to life.
>
> On appeal, Blakley contends the trial court abused its sentencing discretion when it failed to strike one or both of the prior serious felony convictions, and that his sentence constitutes cruel and unusual punishment.

FACTUAL AND PROCEDURAL HISTORY

> During the early morning hours on June 4, 2004, Blakely and his friend, Charles Williams, met Joyce Jones and Marquita Moore at a bar.  Some time later, they all left the bar and went to Moore's apartment.  Once there, Blakely and Jones stayed in the living room, while Moore and Williams went into the bedroom.
>
> While Blakely and Jones were sitting in the living room, Moore's live-in boyfriend, Kenneth Cannon, returned to the apartment unexpectedly, broke into the bedroom, and

---

[1](...continued)
denied as untimely.  The opposition and traverse have been filed and the case is submitted for decision by the Court.  In addition, adding new, unexhausted claims could render the petition a mixed petition which would have to be dismissed.  And the claims Petitioner seeks to add do not appear to have merit.

discovered Williams and Moore engaged in sexual intercourse. Cannon punched and kicked Moore, than left the bedroom and got a semi-automatic pistol from under a couch in the living room. Seeing that Cannon was armed, Blakely removed a revolver from his own pocket and began exchanging gunfire with Cannon. During the ensuing gun battle, Blakely and Jones sustained gunshot injuries, and Cannon was fatally wounded. After discharging every bullet from his weapon, Blakely jumped through a closed window and fled the scene.

Blakely told the police in a subsequent interview that he carried the revolver, which he obtained off the streets, for protection because while he was in prison, he testified against some people who were now on the streets. He also said he had the gun because he was on the east side and in enemy territory.

At trial the court received and considered a stipulation by Blakely as evidence for trial. The stipulation stated that (1) on June 4, 2004, Blakely had in his possession a handgun, a Smith and Wesson six-shot "long Colt" revolver; (2) on November 1, 2000, Blakely was convicted of possession of a sawed-off shotgun and a criminal street gang enhancement, that possession of the shotgun was committed in furtherance of, at the direction of, or in association with, a criminal street gang and with the specific intent to promote, further or assist in criminal conduct by gang members, was found true; (3) on January 9, 2001, Blakely was sentenced to state prison in that case for four years and eight months; (4) Blakely remained in prison until he was paroled on April 29, 2004; and (5) on March 5, 1996, Blakely was committed to the California Youth Authority on a charge of robbery, which crime he admitted on September 20, 1995, in Kern County Juvenile Court. At the time the offense was committed, Blakely was 16 years old.

Prior to sentencing, Blakely's attorney submitted a written motion requesting the court dismiss Blakely's prior felony convictions under section 1385.

. . .

In denying Blakely's motion, the court explained: "I have reviewed the motion to strike the prior, I have considered the prior robbery strike conviction as a juvenile, I have considered the fact that he has two subsequent misdemeanor convictions, including a terrorist threat conviction which started out as a felony, was reduced to a misdemeanor, and his most recent conviction for Penal Code 12020 with a gang allegation, in which he was sentenced to state prison for four years, eight months. ¶ He was paroled May 13th of '04. This offense occurred June 4th of '04, involving the defendant

3

> possessing a firearm in rival gang territory, engaging in a gun battle, and ending up killing another individual. The defendant apparently has made no attempt to rehabilitate himself and lead a law-abiding life, and I am going to find that he is not outside the spirit of the three strikes law."

Petitioner appealed his conviction, contending that the trial court abused its discretion by sentencing him to a prison term of twenty-five years to life and that his strike-enhanced sentence is cruel and unusual punishment. On January 3, 2006, the court of appeal affirmed the judgment in an unpublished opinion. Resp's Ex. 2. On March 15, 2006, Petitioner's petition for review was denied without comment by the California Supreme Court. Resp's Ex. 4. On May 8, 2006, Petitioner filed a petition for a writ of habeas corpus in the Kern County superior court alleging that the trial court abused its discretion by not striking one of his priors and that his prison sentence constitutes cruel and unusual punishment. On June 30, 2006, the petition was denied for failure to state a prima facie case and failure to comply with the service requirement. Resp's Ex. 6.

## LEGAL STANDARD

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

4

clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result. Clark v. Murphy, 331 F.3d 1062, 1067 (9th. Cir. 2003).

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is the holdings of the Supreme Court as of the time of the relevant state court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000).

To determine whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established law, a federal court looks to the decision of the highest state court that addressed the merits of a petitioner's claim in a reasoned decision. LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000). In the present case, the only state court to address the merits of Petitioner's claim is the California appellate court on direct review.

DISCUSSION

I. State Sentencing Procedure

Petitioner claims that the trial court abused its discretion in denying his motion under Romero v. Superior Court, 13 Cal. 4th 497 (1996) (holding that judges have discretion to strike prior convictions for sentencing purposes), to strike one of his prior

5

convictions.

The fundamental purpose of federal habeas corpus review is to redress violations of federal, not state, law. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). "Absent a showing of fundamental unfairness, a state court's misapplication of its sentencing laws does not justify habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); see also Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that prior conviction not a serious felony under California's sentencing law not cognizable in federal habeas review). In Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002), judgment vacated on other grounds, Mayle v. Brown, 538 U.S. 901 (2003), the Ninth Circuit specifically held that a claim challenging the denial of a Romero motion is not cognizable in federal habeas proceedings.

Therefore, Petitioner's claim that the trial court abused its discretion for failing to strike one of his priors is not cognizable in this proceeding.

II. Eighth Amendment Claim

A criminal sentence that is not proportionate to the crime for which the defendant was convicted violates the Eighth Amendment's prohibition against cruel and unusual punishment. Solem v. Helm, 463 U.S. 277, 303 (1983) (sentence of life imprisonment without possibility of parole for seventh nonviolent felony violates Eighth Amendment). But "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." Id. at 289-90. For the purposes of review under 28 U.S.C. § 2254(d)(1), it is clearly established that "[a] gross proportionality principle is applicable

6

1  to sentences for terms of years." Lockyer v. Andrade, 538 U.S. 63,
2  72, 73 (2003).
3      In Harmelin v. Michigan, 501 U.S. 957 (1991), Chief Justice
4  Rehnquist and Justice Scalia joined in a two-justice plurality to
5  conclude that Solem should be overruled and that no proportionality
6  review is required under the Eighth Amendment except with respect
7  to death sentences. Id. at 961-985. A three-justice concurrence
8  made up of Justices Kennedy, O'Connor and Souter concluded that
9  Solem should not be rejected and that the Eighth Amendment contains
10 a narrow proportionality principle that is not confined to death
11 penalty cases, but that forbids only extreme sentences which are
12 grossly disproportionate to the crime. Id. at 997-1001. Because
13 no majority opinion emerged in Harmelin on the question of
14 proportionality, Justice Kennedy's view--the Eighth Amendment
15 forbids only extreme sentences that are grossly disproportionate to
16 the crime--is considered the holding of the Court. United States
17 v. Bland, 961 F.2d 123, 128-29 (9th Cir.), cert. denied, 506 U.S.
18 858 (1992). See, e.g., Ewing v. California, 538 U.S. 11, 29-31
19 (2003) (upholding sentence of twenty-five-years-to-life for
20 recidivist convicted most recently of grand theft); but see,
21 Gonzalez v. Duncan, ___ F.3d ___, 2008 WL 5399079 (9th Cir.)
22 (sentence of twenty-eight years to life for failing to update
23 annual sex offender registration grossly disproportionate).
24     Given the jurisprudence of the Supreme Court, Petitioner
25 cannot establish that his case is an extreme sentence that is
26 grossly disproportionate to his crime. For instance, in Andrade,
27 the Supreme Court upheld a California sentence of twenty-five years
28 to life for petty theft with prior felony convictions. 538 U.S. at

7

73-74.  The defendant had stolen approximately $150 in videotapes. Id. at 70.  The Court explained that the governing Supreme Court authority "gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle--'the precise contours' of which 'are unclear.'  And it was not objectively unreasonable for the California Court of Appeal to conclude that these 'contours' permitted an affirmance of Andrade's sentence."  Id. at 76.

Petitioner was sentenced to twenty-five years to life for illegally possessing firearms, an offense that was committed less than one month after he had been paroled from prison after a conviction for unlawful firearm possession with a gang enhancement.  The current offense was not as trivial as stealing videotapes and, as a result of Petitioner's offense, someone died and the lives of other people were placed at risk.  Compared to Andrade and Ewing, Petitioner's claim of cruel and unusual punishment for his sentence cannot prevail.

The California court of appeal identified the above Supreme Court authority and correctly held that, applying this precedent, "the term of 25 years to life imposed on Blakely is not cruel and unusual punishment."  Resp's Ex. 2 at 10.  The appellate court also correctly denied Petitioner's claim, based on Robinson v. California, 370 U.S. 660 (1962)(invalidating a law that made being addicted to drugs a crime because it punished a person's status as a drug addict), that he was improperly punished for his status as a recidivist, noting that the Supreme Court has repeatedly upheld recidivist sentences and the policies behind recidivist sentences. Therefore, the state court's denial of Petitioner's Eighth

8

Amendment claim was not contrary to or an unreasonable application of established federal law oran unreasonable determination of the facts in light of evidence.

III. Ineffective Assistance of Trial and Appellate Counsel

Petitioner claims that his trial counsel was ineffective for failing to obtain the actual record or copies of Petitioner's two prior convictions instead of relying on his stipulation. He claims appellate counsel was ineffective for failing to raise this issue on appeal. These claims were not raised in Petitioner's petition for review to the California Supreme Court and are, therefore, unexhausted. Nonetheless, this Court may reach the merits of the claims under 28 U.S.C. § 2254(b)(2) which provides that habeas claims may be denied on the merits, notwithstanding the petitioner's failure to exhaust them in state court.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, a petitioner must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms and that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687-88, 694.

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his

9

first appeal as of right.  Evitts v. Lucey, 469 U.S. 387, 391-405 (1985).  Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in Strickland.  Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir. 1986).  A defendant therefore must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal.  Miller, 882 F.2d at 1434 & n.9 (citing Strickland, 466 U.S. at 688, 694; Birtle, 792 F.2d at 849).  Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant.  Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Miller, 882 F.2d at 1434 n.10.  The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.  Id. at 1434.

Petitioner states that his trial counsel should have obtained the actual copies of his prior convictions, but does not indicate why this constitutes deficient performance.  Petitioner makes no claim that his priors do not exist or that if counsel had obtained actual copies of them, he would have been able to argue more persuasively to the court that they should have been stricken.  Therefore, counsel's alleged failure to obtain copies of Petitioner's prior convictions does not constitute deficient performance nor was Petitioner prejudiced by counsel's actions.  Furthermore, appellate counsel was not ineffective for failing to raise this claim on appeal because the court would have viewed it as frivolous.

Therefore, Petitioner's claims of ineffective assistance of trial and appellate counsel are denied.

CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.  The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 2/3/09

CLAUDIA WILKEN
District Court Judge